[No. 16159. Department Two. June 17, 1921.]

W. T. PETTIJOHN, *Appellant*, v. A. L. RAY, *Respondent*.[1]

CONTRIBUTION (4)—PERSONS ENTITLED. Where a joint purchase of harvesting machinery on deferred payments was made by two farmers, and thereafter, under an alleged agreement between them, one was released from liability by the seller, the payment by the other of the balance due to the seller would not entitle the payor to contribution against his copurchaser.

APPEAL (413)—REVIEW—VERDICTS—WHEN NOT SET ASIDE. Where there was sufficient evidence to go to the jury, the appellate court will not interfere on the ground of its inability to determine which items were found in favor of one party and which in favor of the other.

SAME (343, 347)—BRIEFS—SPECIFICATION OF ERRORS—REFERENCES. Error assigned on the refusal of the trial court to give a requested instruction cannot be considered on appeal, where neither the instruction nor its substance is set forth in the brief or any argument made upon it or the record of it disclosed.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered December 12, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*John C. Hurspool,* for appellant.

*E. L. Casey,* for respondent.

TOLMAN, J.—Appellant, as plaintiff below, brought this action to recover on five causes of action, praying for judgment in the aggregate of $2,078.48. The action was tried to a jury, which returned a general verdict in plaintiff's favor in the sum of $721.66, upon which a judgment was entered. Plaintiff has appealed from the judgment, contending that, under the evidence in the case, he should have recovered a much larger amount.

The parties were neighboring farmers and had transactions back and forth running over a number of

[1]Reported in 198 Pac. 981.

years. The evidence was vague and unsatisfactory in many respects, conflicting on all vital points of any importance, and no useful purpose will be served by setting forth the issues or the testimony, except as may be necessary to understand what we consider to be the only debatable point of law raised by the appeal.

It appears that, before the harvest in the year 1915, appellant and respondent jointly purchased a harvesting outfit from one Rogers, for the sum of $1,200, on credit; but whether the obligation was oral or reduced to writing and signed by one or both does not appear. There was evidence from which the jury might have found that, in the year 1915, respondent's lands were summer-fallowed; that he had no crop to harvest that year, and that it was agreed between them that appellant should use the harvesting machinery so purchased and owned jointly, during that year, becoming an insurer thereof while so using it, and would return it to respondent before the harvest in 1916 in good order and operating condition, for respondent's use in that year. All agree that, while appellant was in the sole possession of and threshing with the outfit in 1915, it was destroyed or very seriously damaged by fire, and that he did not return it in good condition to respondent before the 1916 harvest.

It is also admitted that, shortly before the harvest of 1916, respondent purchased for $425 what remained of the machinery, though respondent contends, and testified, that he, relying on the previous agreement to return in good order, which was then impossible of fulfillment, purchased the full title from appellant for the sum mentioned; while appellant contends, and testified, that there was no such agreement to return in good order; that the fire loss was a joint loss, and that respondent purchased only the outstanding half interest in the machinery, his liability to pay Rogers

one-half of the original purchase price still remaining unaffected by the subsequent transaction between them. That this would be true as against Rogers, if nothing else appeared, may be conceded, but there was testimony from which the jury might have found that Rogers was advised of what respondent claims was the agreement between the parties, acquiesced therein, never made any demand upon respondent for any portion of the purchase price, settled other matters with respondent in the year 1918, and then gave him a written receipt in full of all accounts against him, understanding that this account no longer existed, and thereafter looked only to appellant for his money. At any rate, appellant paid Rogers various sums on account from time to time, and just before bringing this action paid to Rogers, by giving his note, the remainder due on the original purchase of $750, which he now contends represented the $600 originally to have been paid by respondent, and interest accrued thereon, which amount he here seeks to recover as one of his causes of action.

The respondent's defense is based upon the theory that, by agreement, each should be an insurer while in possession of and using the joint property. Appellant, by his reply, pleaded the statute of limitations, and contends that the fire, having occurred in 1915, respondent's right to recover his loss was barred by the three-year statute of limitations before he (appellant) paid Rogers in full and became entitled to contribution from respondent.

Whether respondent's set-off was no part of the mutual accounts between the parties, but was for damages arising out of the breach of an independent contract such as would not be kept alive by the existence of the mutual accounts, as appellant contends, or whether, seeking no affirmative relief, respondent's de-

fensive rights would still remain unaffected by the statute, need not be here determined, because, if Rogers acquiesced in the asserted agreement of the parties that, after the fire, appellant became and was his sole debtor, and thereafter, looking only to him for payment, he released respondent, then clearly appellant acquired no rights by paying Rogers, and that payment cast no duty on respondent to contribute. Hence we cannot interfere with the verdict upon this ground.

We find that there was evidence sufficient to go to the jury upon all of the other issues. Merely because we cannot determine from the verdict which items the jury found in favor of one party and which in favor of the other is not ground for our interference.

Error is assigned upon the refusal of the trial court to give appellant's requested instruction number one. Neither this requested instruction nor its substance is set forth in the brief. No argument is offered thereon, nor reason given, why it is thought the court erred in refusing it, and if the requested instruction is preserved in the record we have, in a somewhat intensive study of the case, not happened to find it. Under these conditions, we cannot consider it.

Finding no error, the judgment appealed from is affirmed.

PARKER, C. J., MAIN, and MITCHELL, JJ., concur.